THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES MOLTESEN, Appellant.— Appeal from a judgment of the County Court, Montgomery County, convicting the defendant of the crime of grand larceny in the first degree, entered upon a verdict rendered by the jury on June 12, 1947; also appeal from an order entered September 24, 1948, denying the defendant's motion for a new trial upon the ground of newly discovered evidence. The defendant had purchased a farm and farm machinery from the complaining witnesses and had given them a purchase-money mortgage upon the farm and a chattel mort-

gage upon the farm machinery. Subsequently, the mortgagees foreclosed the mortgages and regained possession of the farm. The alleged larceny related to (1) the sale by the defendant of two stoves and other household equipment and (2) the cutting and sale of certain timber upon the farm. The defendant claimed that the complaining witnesses had given him the stoves to make up for certain alleged misrepresentations with respect to the value of the property which he had purchased and that the other household equipment had been abandoned by them. As to the timber, the defendant claimed that the complaining witnesses had consented to his cutting timber upon the premises and either using it for the repair of the barn or selling it and using the proceeds to defray the cost of the repairs. The attorney who represented the parties at the time of the original transaction, testified in support of the defendant's claims. However, he had been unable to find his original notes up to the time of the trial and he testified from recollection. The jury found the defendant guilty of grand larceny in the first degree. Subsequently, the attorney found his original notes which confirmed his testimony and supported the defendant's version of the transaction in material respects. This was made the basis of a motion for a new trial on the ground of newly discovered evidence, which motion was denied. We believe that under all the circumstances the conviction should be reversed and a new trial ordered. The evidence did not establish beyond a reasonable doubt a felonious intention on the part of the defendant; on the contrary, the weight of the evidence supports the view that the defendant reasonably believed that he had the right to sell the property. (Cf. Penal Law, § 1306). Furthermore, as to the timber, it is questionable whether the defendant could properly have been convicted of anything more than the misdemeanor of malicious injury to property (cf. Penal Law, § 1291, subd. 2; § 1425, subd. 1-a). In any event, the subsequently discovered additional evidence supporting the defendant's version warrants the granting of a new trial. Judgment of conviction reversed on the facts and a new trial ordered. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.